UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 199 WELFARE, PENSION, APPRENTICESHIP & TRAINING, ANNUITY and LABORERS-EMPLOYERS COOPERATIVE EDUCATION TRUST FUNDS OF DELAWARE, INC. 5 Hotel Metal Street, Suite 200 Pittsburgh, PA  15203 | : : : : : : : : : | CIVIL ACTION<br><br>NO. 20-CV-_____ |
| and | : : | |
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 199 308 Markus Court New Castle, DE  19713, | : : : : : | |
| Plaintiffs | : : | |
| v. | : : | |
| BENCARDINO EXCAVATING, INC. 1423 Wells Avenue Bensalem, PA  19020 | : : : : : | |
| Defendant | : | |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 185, to collect unpaid fringe benefit contributions, unpaid union dues and liquidated damages.

1

2.      This Court has jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1337. Venue is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

**PARTIES**

3.      The Plaintiffs, Laborers International Union of North America, Local No. 199 Welfare, Pension, Apprenticeship, Vacation, Apprenticeship and Training, Annuity, and Laborers-Employers Cooperative Education Trust Funds ("Funds"), are jointly-administered, multi-employer benefit funds within the meaning of §302 of the LMRA, 29 U.S.C. §186, and §§ 3(3) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A) with the exception of the Laborers-Employers Cooperative Education Trust Fund ("LECET"). LECET is a jointly-administered, industry wide labor-management committee within the meaning of §302(c)(9) of the LMRA, 29 U.S.C. §186(c)(9).  The Funds receive contributions from various construction contractors who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with Laborers International Union of North America Local 199 ("Local 199" or "Union") and by virtue of their agreed to be bound by the Agreements and Declarations of Trusts that establish the Funds.  The Funds' offices are located at 5 Hotel Metal Street, Suite 200, Pittsburgh, PA 15203.

4.      Plaintiff, Laborers International Union of North America, Local 199 is a labor organization within the meaning of §2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and an employee organization within the meaning of §3(4) of ERISA, 29 U.S.C. §1002(4).  Its principal place of business is 308 Markus Court, New Castle, Delaware 19713. Local 199 represents employees employed in the construction industry as laborers in the State of Delaware.

5. Defendant, Bencardino Excavating, Inc. ("Defendant"), is a Pennsylvania corporation with a principal place of business at 1423 Wells Avenue, Bensalem, Pennsylvania 19020. At all times relevant hereto, the Defendant has been an employer engaged in an industry affecting commerce within the meaning of §301 of the LMRA, 29 U.S.C. § 185, and §152(2) of the NLRA, 29 U.S.C. §152(2). The Defendant is also an employer within the meaning of §3(5) of ERISA, 29 U.S.C. §1002(5).

## FACTUAL ALLEGATIONS

6. At all times relevant hereto, the Defendant has agreed to be bound by the terms of a collective bargaining agreement ("Agreement") between the Delaware Contractors Association and Local 199 which set forth, *inter alia*, the wages, hours and other terms and conditions of employment of laborers employed by the Defendant in the State of Delaware. Among the provisions contained in the Agreement are clauses that require Defendant to make timely contributions to the Funds on a monthly basis when laborers are employed by the Defendant, to submit timely monthly contribution report forms to the Funds' administrator, to withhold from the wages of those laborers employed under the terms of the Agreement who have so authorized in writing monthly dues to the Union and organizing dues to the Laborers Eastern Regional Organizing Fund ("LEROF") to utilize members of Local 199 to perform work covered by the collective bargaining agreement and, to the extent that the Defendant has vacancies in the laborers craft, to contact the Local 199 Hiring Hall to dispatch laborers to job sites and to compel any individual who is employed as a laborer in the State of Delaware to join the Union within seven (7) days after the date of hire.

7. "Timely" contributions, as referred to under the terms of the Agreement and under the Agreements and Declarations of Trust establishing the Funds means that all employee benefit

contributions must be received by the Funds on or before the fifteenth day of the month following the month in which the benefits are earned.

8. Under the terms of the Agreement and the rules of the Funds, contribution report forms, like the contributions themselves, must be received no later than the fifteenth day of the month in which the hours were worked by members of Local 199. Under the Agreement and the Agreements and Declarations of Trust establishing the Funds, all reports received after the fifteenth of the month are subjected to a ten percent liquidated damages charge.

9. At all times relevant hereto, Defendant has employed laborers in the State of Delaware whose terms and conditions of employment are set forth in the Agreement.

10. Under the terms of the Agreement and the rules of the Funds, a signatory employer must make available to the Funds' auditors all books and records for purposes of determining whether contributions to the Funds and LECET and money withheld from employees' wages were properly transmitted to the Funds and the Union.

11. On July 2, 2018, the Funds' auditor, Belfint, Lyons & Shuman, P. A. ("BLS") notified the Defendant it wishes to commence an audit of the Defendant's books and records for the period of January 1, 2015 through April 30, 2018.

12. Thereafter, BLS audited the Defendant's books and records for the period of January 1, 2015 through April 30, 2019, and on or about December 16, 2019, BLS reported to the Plaintiffs as to the results of the audit, advising the Plaintiffs that the contributions by the Defendants were deficient in the amount of $18,757.00  (A true and correct copy of the draft audit reports by BLS is attached hereto, made a part hereof and marked as Exhibit A).

13. On December 26, 2019, the Plaintiffs notified the Defendants of the results of the audit ("Audit") performed by BLS and demanded $18,757.00 in contributions, $1,875.70 in

liquidated damages, $4,500.00 in audit fees and $2695.00 in attorneys' fees, which subsequently increased to $3,465.00 and requested the Defendants' response.

    14. The Defendants did not respond to the Plaintiffs' request for a response to the Audit nor have Defendants paid the monies sought by the Plaintiffs pursuant to the Audit and the collective bargaining agreement between the Defendants and the Union.

## COUNT ONE

### BREACH OF COLLECTIVE BARGAINING AGREEMENT
### FOR FAILURE TO MAKE CONTRIBUTIONS TO THE FUNDS AND LECET

    15. Paragraphs 1 through 14 of the Complaint are re-alleged as if fully set forth herein.

    16. Under the terms of the Agreement, Defendant was required to contribute to the Funds and LECT in an amount sum certain for every hour worked by its employees working under the Agreement.

    17. At all times relevant to this action, the Defendant has employed individuals covered by this Agreement and was required, on behalf of these individuals, to make the timely employee benefit contributions as that term is defined in Paragraph 7 of this Complaint.

    18. Despite having received demands that it perform its contractual obligations, the Defendant has failed, neglected, and refused to make sufficient contributions to the Funds, and LECET as alleged in Paragraph 15, of the Complaint.

    19. The Defendant's failure to submit contribute the amount of $6,267.75 to the Funds, and LECET on behalf of laborers employed in the State of Delaware during the period of January 1, 2015 through April 30, 2019 under the terms of the Agreement constitutes a breach thereof.

## COUNT TWO

### VIOLATION OF ERISA
### FOR FAILURE TO MAKE CONTRIBUTIONS TO THE FUNDS

20. Paragraphs 1 through 19 of the Complaint are re-alleged as if fully set forth herein.

21. Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or agreement.

22. Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2), provides that in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of ten percent (10%), unless permitted under federal or state law, of the amount of the unpaid contributions, plus (d) a reasonable attorney's fee and costs, plus (e) any other legal and equitable relief that the court deems appropriate.

23. The Defendant's failure and/or refusal to make contributions the amount of $4,187.50 to the Funds on behalf of laborers employed in the State of Delaware during the period of January 1, 2015 through April 30, 2019 in accordance with the Agreement constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.

## COUNT THREE

### BREACH OF COLLECTIVE BARGAINING AGREEMENT FOR FAILURE TO WITHHOLD AND TRANSMIT MONTHLY UNION DUES AND MONTHLY LEROF DUES

24. Paragraphs 1 through 23 of the Complaint are re-alleged as if fully set forth herein.

25. Under the terms of the Agreement, the Defendant was obliged to transmit withhold from the wages of those laborers who executed authorizations permitting withholding from their wages monthly union and LEROF dues, and transmit such sums to the Funds for disbursement to the Union, in the case of the monthly union dues, and to LEROF, in the case of monthly LEROF dues, with respect to contributions thereto.

26. Notwithstanding its obligation to do so, the Defendant failed and refused to withhold and transmit union and LEROF dues and in the amount of $12,489.46 for the months of January 2015 through April 30, 2019.

27. The Defendant's failure to withhold union and LEROF dues transmit such monies to each such entity for the Funds for disbursement to Local 199 and LEROF for the months of January 2015 through April 30, 2019 is a breach of the agreement.

## COUNT FOUR

### BREACH OF COLLECTIVE BARGAINING AGREEMENT FOR FAILURE TO MAKE TIMELY CONTRIBUTIONS TO THE FUNDS AND LECET AND TO WITHHOLD AND TRANSMIT MONTHLY UNION AND LEROF DUES

28. Paragraphs 1 through 27 of the Complaint are re-alleged as if fully set forth herein.

29. Under the terms of the Agreements, contributions and monies withheld from the wages of laborers working in the State of Delaware must be received no later than the fifteenth day of the month in which the hours were worked. Under the Agreement all contributions and deductions received after the fifteenth day of the month are subject to a ten percent (10%) liquidated damages charge and, in any event, no less than $50.00 per Fund or contribution or deduction.

30. The Defendant's contributions to the Funds and transmittal of voluntary contributions withheld from the wages of laborers working in the State of Delaware for the months of January 2015 through April 30, 2019 were not received in a timely fashion.

31. Under the terms of the Agreements, the Defendant is obligated to pay contractually mandated liquidated damages in the amount of $1,875.70 as a result of its failure to make timely contributions and transmittals of voluntary contributions withheld from the wages of laborers working in the State of Delaware during the months of January, 2015 through April, 2019.

32. The Defendant has been advised that, under the terms of the Agreements, it is obliged to make timely contributions and transmit monies voluntarily authorized by laborers working in the State of Delaware and pay liquidated damages as required by the Agreements. Despite having received a demand that it perform its contractual obligation with respect to making timely contributions and timely transmittal of monies voluntarily authorized by laborers working in the State of Delaware, and paying liquidated damages, the Defendant has failed, refused and neglected to make such payments.

33. The Defendant's failure to make liquidated damages payments in the amount of $1,875.70 as a result of its failure to make timely contributions or timely transmittals of monies

voluntarily authorized by laborers working in the State of Delaware during the months of January, 2015 through April, 2019 constitutes a breach of the Agreements.

## COUNT FIVE

### VIOLATION OF ERISA FOR FAILURE TO PAY LIQUIDATED DAMAGES

34. Paragraphs 1 through 33 of the Complaint are re-alleged as if fully set forth herein.

35. Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or agreement.

36. Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2) provides that in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of ten percent (10%), unless permitted under federal or state law, of the amount of the unpaid contributions, plus (d) a reasonable attorney's fee and costs, plus (e) any other legal and equitable relief that the court deems appropriate.

37. The Defendant's failure to pay liquidated damages in the amount of $417.85 due to the Funds as a result of its failure to make timely contributions in accordance with the Agreements and the Agreements and Declaration of Trust constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, the Plaintiffs pray that the following relief be granted against the Defendant:

(a) that judgment be entered against the Defendant and in favor of the Plaintiffs in the total amount of $28,597.70 representing, as of the date of the filing of this Complaint, (i) unpaid contributions to the Funds and LECET in the amount of $6,268.00  (ii) monthly union and LEROF monthly organizing dues that should have been withheld from the wages of laborers working in the State of Delaware in the amount of $12,489.00;  (iii) liquidated damages in the amount of $1,875.70; (iv) auditing fees of $4,500.00; and (v) attorney's fees in the amount of $3,465.00,

(b) that judgment be entered against the Defendant and in favor of the Plaintiffs for interest, costs, and additional reasonable attorneys' fees as provided for by the Agreement and ERISA;

(c) that this Court enter an Order, directing the Defendant to file reports and make future contributions in a timely manner and in accordance with the Agreement and ERISA; and

(d) such other legal and equitable relief as this Court deems appropriate or to which Plaintiffs are entitled.

Respectfully submitted,

Date: November 9, 2020

/s/ Claiborne S. Newlin
Claiborne S. Newlin, Esq.
Delaware ID No. 4745
MARKOWITZ & RICHMAN
Legal Arts Building
1225 King Street, Suite 804
Wilmington, DE 19801
Tel.: (302) 656-2308
Fax: (215) 790-0668
cnewlin@markowitzandrichman.com